EXHIBIT "A"

## CREDIT AGREEMENT AND
## UNSECURED PROMISSORY NOTE

**Amount: $75,000.00**                                    Date: _____, __, 2018

This Credit Agreement and Secured Promissory Note ("Note" or "Agreement") is entered into by Arthur W. Grimm, III and Cynthia A. Grimm (together "Maker") and Sherman Montgomery ("Holder"). All terms used herein and not otherwise defined shall have their customary meanings.

1. **Obligation**. In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Maker hereby promises to pay to the order of Holder the principal sum of up to Seventy-Five Thousand and No/100 Dollars ($75,000.00), together with interest thereon computed at the rate of 4% per annum, subject to those conditions set forth below. All interest, principal, and other costs hereunder shall be due and payable to Holder of this Note on or before the earlier of the twelfth anniversary of the Note (the "**Maturity Date**").

    1.1 **Bankruptcy Court Approval; Commencement Date**. The Agreement is subject to Bankruptcy Court Approval in Case No. 4:16-bk-12285-SHG. The Commencement Date of the Agreement shall be the date in which Maker obtains bankruptcy court approval.

    1.2 **Nature of the Commitment; Purpose of Agreement.** Holder agrees to tender to Maker the sum of $75,000.00 ("Credit Limit") in the form of a line of credit, so long as that Credit extended is at the request of maker and necessary to the confirmation of Maker's Chapter 11 Plan, or its performance under its Chapter 11 Plan, and for the purposes of:
    
    1.2.1 Funding any monetary obligation that is identified as a condition to assuming any executory contract in their bankruptcy case; or
    
    1.2.2 Funding any administrative claims upon the effective date of Debtor's Chapter 11 Plan; or
    
    1.2.3 Satisfying any obligation to the Office of the Unites States Trustee through the entry of a final decree in this matter; and
    
    1.2.4 Funding any obligation under the Chapter 11 Plan that may arise after the entry of a final decree and prior to the entry of Maker's discharge.
    
    1.2.5 Funding any post-confirmation attorney fees or costs in connection with the administration of Chapter 11 Plan or legal action commenced against Debtors that poses a threat to Debtors' performance under the Plan.

The Agreement and the loan proceeds extended thereunder shall be revolving in nature so that Maker, subject to the conditions set forth in this section, may borrow up to the Credit Limit at any time and in any amount by request to the Holder.

Page 1 of 5

Case 4:16-bk-12285-SHG    Doc 262-6    Filed 07/16/18    Entered 07/16/18 14:38:04
Desc Exhibit F Promissory Note- Unsecured    Page 1 of 5

1.3     **Payment During Draw Period; Due Date** This Note shall be paid as follows during the Draw Period:

    1.3.1.  Quarterly payments shall be due on or before the first day of each quarter in the minimum amount of interest that has accrued through the date in which the quarterly payment is tendered;

    1.3.2.  For purposes of this Agreement, the quarterly due dates shall be January 1, April 1, July 1 and October 1 regardless of the Commencement Date for a period of seven (7) years ("Draw Period") following the Commencement Date, or the entry of the Maker's bankruptcy discharge of indebtedness, whichever is earlier;

    1.3.3  Within one (1) week of the conclusion of the Draw Period, any outstanding interest or fees due at that time shall be paid and subsection 1.3.1 shall not apply if the Draw Period concludes before the seventh anniversary of the Comencement Date.

**1.4     Conclusion of Draw Period; Amortization; Monthly Payment.**  The first full day following Maker's compliance with Section 1.3.3, any sums owing by the Maker shall be repaid in the form of a fully amortized five (5) year loan to be repaid at a rate of 7.00% per annum.

    1.4.1   Principal and interest payments on the amortized amount shall be paid monthly, commencing the first full month following the month in which the Draw Period concludes; and

    1.4.2   Payments on the amortized amount shall be due on the first day of each month and considered late if not paid before the sixth day of each month.

1.5     **Form of Payment**.  Payment must be in the form of cash and lawful money of the United States.

1.6     **Application of Payments**.  All payments made pursuant to this Note will be first applied to accrued and unpaid interest, if any, then to other proper charges under this Note, and the balance, if any, to principal.

1.7     **Prepayment**. This Note may be prepaid in whole or in part, at any time, without penalty.

Page 2 of 5

Case 4:16-bk-12285-SHG    Doc 262-6    Filed 07/16/18    Entered 07/16/18 14:38:04
Desc Exhibit F Promissory Note- Unsecured    Page 2 of 5

2. **Events of Default**. Maker will be deemed to be in default under this Note upon the occurrence of any of the following events (each an "**Event of Default**"): (i) upon Maker's failure to make any payment when due under this Note; which failure shall continue for a period of ten (10) days after such due date;

    2.1 **Default Rate**. If any amount payable to Holder under this Note is not received by Holder on or before the date when payment is due, then such amount ("Delinquent Amount") will bear interest from and after the due date of such payment until paid at the rate of 10% per annum.

3. **Acceleration; Remedies on Default**. Notwithstanding anything in this Note to the contrary, the entire unpaid principal amounts of this Note, together with accrued but unpaid interest thereon and other unpaid charges hereunder, will become immediately all due and payable without further notice at the option of the Holder if: (i) Maker fails to timely make any payment hereunder when such payment becomes first due and such failure continues for a period of ten (10) days after written notice from Holder to Maker;

4. **Miscellaneous**.

    4.1 **Cumulative Remedies; Notice**. All rights, remedies, undertakings, obligations, options, covenants, conditions, and agreements contained in this Note are cumulative and no one of them will be exclusive of any other.

    4.2 **Waiver**. Maker for itself and its legal representatives, successors, and assigns expressly waive presentment, demand, notice of dishonor, notice of nonpayment, notice of maturity, notice of protest, presentment for the purpose of accelerating maturity, protest and all other notices in connection with the delivery, acceptance, default or enforcement of this Note, and diligence in collection and consents that Holder may, from time to time, without its consent, renew, modify or extend performance of obligation of Maker hereunder.

    4.3 **Governing Law**. The interpretation, construction and enforcement of this Note shall be governed by the laws of the State of Arizona.

    4.4 **Severability**. If any provision or portions thereof in this Note is found by any court to be unenforceable or to violate any law or juridical decision, or if such court should declare such portion or provision to be illegal, invalid, unlawful, void or unenforceable as written, then it is the intent of all parties hereto that such portion, provision or provisions shall be given force to the fullest possible extent that they are legal, valid and enforceable and that the remainder of this Promissory Note shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein and that the rights,

Page 3 of 5

Case 4:16-bk-12285-SHG    Doc 262-6    Filed 07/16/18    Entered 07/16/18 14:38:04
Desc Exhibit F Promissory Note- Unsecured    Page 3 of 5

obligations and interests of the maker and holder thereof, under the remainder of this Note shall continue in full force and effect.

        4.5    **Time is of Essence**.  Time is of the essence of this Note and each and every term and provision hereof.  A waiver by Holder or failure to enforce any covenant or condition of this Note, or to declare any default hereunder or thereunder, shall not operate as a waiver of any subsequent default or affect the right of the Holder to exercise any right or remedy not expressly waived in writing, including, but not limited to, requiring prompt payment when due of all sums owing and declaring a default for failure to make timely payments.

        4.6    **Attorney's Fees**.  Maker agrees to reimburse Holder for all reasonable costs, including, without limitation, reasonable attorney's fees, incurred to collect this Note if this Note is not paid when due (after any applicable notice and grace period).  Maker agrees that Holder may, from time to time, extend the maturity date of this Note or the time any payment is due under this Note and may accept further security or release security for the payment of this Note, without in any way affecting any obligations of Maker to Holder.

5.    **Warranties**.

        **5.1**    **Warranties**.  Debtor makes no representation about the Real Property except that he holds title to the Real Property as a co-tenant.  Debtor gives Holder no warranty about the condition of the property or its title, be they express or implied, be they related to the zoning, habitability or condition of the Real Property, and this would include but not be limited to any environmental concerns.  Debtor is pledging the Real Property "as is" "where is" with respect to senior liens, consensual or statutory, latent or otherwise, be they state, local, federal or otherwise.

IN WITNESS WHEREOF, Maker has caused this Note to be executed as of the date set forth above.

**MAKER**:

_____
ARTHUR W. GRIMM, III

**MAKER**:

_____
CYNTHIA A. GRIMM

Page 4 of 5

Case 4:16-bk-12285-SHG    Doc 262-6    Filed 07/16/18    Entered 07/16/18 14:38:04
Desc Exhibit F Promissory Note- Unsecured    Page 4 of 5

**HOLDER:**

_____
SHERMAN MONTGOMERY

Page 5 of 5

Case 4:16-bk-12285-SHG    Doc 262-6    Filed 07/16/18    Entered 07/16/18 14:38:04
Desc Exhibit F Promissory Note- Unsecured    Page 5 of 5